IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JAN - 4 2006
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC., Plaintiff, | ) |
| v. | ) No. 6-11 C |
| UNITED STATES, Defendant. | ) |

MOTION TO EXPEDITE

Pursuant to Rule 57, Evergreen Aviation Ground Logistics Enterprises, Inc. ("EAGLE"), moves that this action be expedited. In support of this motion, EAGLE states as follows:

1. This is an action for declaratory relief only. Monetary relief is not requested in this action.

2. Rule 57 recognizes that expedited treatment is typically called for in declaratory actions. It provides in part, "The Court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

3. The United States, acting through the United States Postal Service, has issued a final decision denying any contractual commitment to use good faith

efforts to supply EAGLE with the amounts of mail specified in their contract because USPS did not guarantee the amounts specified.

4. USPS has consistently provided EAGLE with less than the amounts of mail specified in the contract, despite there being adequate amounts in the USPS air and ground networks to provide EAGLE with the specified amounts.

5. EAGLE has been and is continuing to suffer significant damages due to the USPS failure to provide the amounts of mail specified in the contract. In addition to losing millions of dollars per year, the USPS actions are having a continuing and deleterious effect on EAGLE's competitiveness in the marketplace.

6. The parties are in the final year of the base year of the contract, and the contract has three, one-year options exercisable at the sole discretion of USPS. It is important that the parties understand their contractual obligations prior to USPS deciding whether to exercise options under the contract.

7. The 60-day period to answer is not needed in this case. USPS has already fully reviewed the situation through the final decision process of the Contract Disputes Act. Thus, the United States should be able to answer within the 20 days provided for non-federal parties under the Federal Rules of Civil Procedure. *See* FED.R.CIV.P. 12(a)(1)(A).

8. Similarly, the provision of Appendix A, ¶4, for the joint preliminary status report to be filed within 49 days of the submission of the answer should be

shortened to 20 days after filing of the answer. This will allow counsel adequate time to have their early meeting and to make suitable proposals for discovery and trial in the joint preliminary status report.

WHEREFORE, EAGLE requests that:

1. its motion to expedite this action be granted;

2. the United States be required to answer the complaint within 20 days of its service; and

3. the joint preliminary status report be filed no later than 20 days after the answer is filed.

Respectfully submitted,

Frederick W. Claybrook, Jr.
(Counsel of Record)
Daniel R. Forman
Jenny Kim

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500
Attorneys for EAGLE

January 4, 2006