IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC., Plaintiff, | ) | No. 06-11C |
| v. | ) | (Judge Allegra) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE

Defendant, the United States, respectfully files its opposition to plaintiff's motion to expedite.

Evergreen has failed to identify an appropriate legal basis upon which this Court can grant its motion. Evergreen bases its motion to expedite upon RCFC 57. This provision establishes the procedures for obtaining a speedy hearing for a declaratory judgment pursuant to 28 U.S.C. § 1491(b)(2) and 28 U.S.C. § 1507. However, neither of these provisions is applicable to this case. See 28 U.S.C. § 1491(b)(2) (conferring jurisdiction upon the Court to render declaratory judgments in actions "by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract"); 28 U.S.C. § 1507 (conferring jurisdiction upon the Court to entertain suits for declaratory judgments pursuant to provisions of the Internal Revenue Code).

In fact, it is well established that this Court possesses no jurisdiction to render declaratory judgments that the United States is in breach of contract. "North Star Steel Co. v. United States, 58 Fed. Cl. 720, 762 (2003) ("It is settled that the court in this case also has no jurisdiction under 28 U.S.C. § 1491(a) to provide a declaratory judgment as relief.").

Plaintiff's complaint asks the Court to interpret the parties' contract to determine whether the United States Postal Service ("USPS") is contractually obligated to supply plaintiff with mail for handling at a rate of 1.25 billion pounds annually if USPS has sufficient mail to do so in its air and ground networks for the regions covered by the parties' contract. Compl. at 8. Plaintiff also asks the Court to determine whether a violation of this alleged obligation would constitute a material breach of the parties' contract. Compl. at 8.

Assuming the Court possesses jurisdiction to entertain this case, dispositive motions upon the narrow legal question presented in the complaint will achieve the most prompt resolution of this matter. If dispositive motions are not submitted, or if they are not completely dispositive of this action, defendant respectfully requests that the parties proceed to trial upon a reasonable schedule. There is, in fact, no time consideration external to this litigation. Upon final resolution of this matter, including any declaratory relief possibly issued

by the Court, the Court's ruling will be applied to the contract, regardless of whether an option has been exercised.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/ DONALD E. KINNER
DONALD E. KINNER
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 616-8253
Fax. (202) 307-0972

January 30, 2006

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on January 30, 2006, a copy of the foregoing “DEFENDANT’S RESPONSE TO PLAINTIFF’S MOTION TO EXPEDITE” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS